FILED
CLERK
4:21 pm, Jun 26, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LENORE HOWERY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       16-CV-7182(JS)(SIL)

JUDGE ABIGAIL CHANIS, individually
and in her official capacity as
Justice of the NYS Worker's
Compensation Court of Suffolk County,
New York; and BOARD PANEL EMPLOYEES
LOREN LOBBAN, MARGARET BARBERIS,
and ELLEN O. PAPROCKI,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Lenore Howery, pro se
                   6 Ernst Avenue
                   Hicksville, NY 11801

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On December 27, 2016, pro se plaintiff Lenore Howery ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Workers' Compensation Law Judge Abigail Chanis, Judge of the New York State Workers' Compensation Court of Suffolk County, New York ("Judge Chanis") and three Workers' Compensation Board Members, Loren Lobban ("Lobban"), Margaret Barberis ("Barberis"), and Ellen O. Paprocki ("Paprocki" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff seeks to sue Judge Chanis in

her individual and official capacity.[1]

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

BACKGROUND[2]

Plaintiff seeks to challenge the December 14, 2016 decision of the New York State Workers' Compensation Board Panel, which affirmed a determination made by Judge Chanis.[3]  Plaintiff

---

[1] Plaintiff does not say whether she also seeks to sue Lobban, Barberis, and Paprocki in their individual capacities.  Affording the pro se Complaint a liberal construction, the Court will construe Plaintiff's claims against these Defendants in both their official and individual capacities.

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.  See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[3] The procedure for Workers' Compensation Hearings and Appeals is set forth on the State of New York's Website at www.wcb.ny.gov.  According to the information maintained by the State of New York concerning the Workers' Compensation Board:

> The Board may hold a hearing or hearings before a Workers Compensation Law Judge. The Judge may take testimony, review medical and other evidence and will decide whether the claimant is entitled to benefits. If the claim is determined to be compensable, the Judge determines the

also seeks to challenge the alleged conduct of Judge Chanis during the underlying proceedings concerning Plaintiff's Workers' Compensation claim. Plaintiff alleges that Judge Chanis accused Plaintiff of, <u>inter</u> <u>alia</u>, "intentionally providing an incorrect social security number to the NYS Worker's Compensation Board . . .", and potentially committing "fraud" in connection with her claim for benefits. (Compl. at 2-3.) Plaintiff also claims that Judge Chanis silenced her during the April 2016 hearing and did not permit Plaintiff to consult with her attorney during the proceeding. (Compl. at 2.) Thus, Plaintiff claims a deprivation of her First, Fourth, Fifth, and Fourteenth Amendment rights. (Compl. ¶ II, and at 2-4.)

---

    amount and duration of the compensation award.

    Either side may appeal the decision within 30 days of the filing of the Judge's decision. This is done by applying in writing for Board review. If the application is granted, a panel of three Board Members will review the case. This panel may affirm, modify or rescind the Judge's decision, or restore the case to the Law Judge for further development of the record. In the event the panel is not unanimous, any interested party may make application in writing for a full Board Review. The full Board must review and either affirm, modify or rescind such decision.

    Appeals of Board Panel decisions may be taken to the Appellate Division, Third Department, Supreme Court of the State of New York, within 30 days. The decision of the Appellate Division may be appealed to the Court of Appeals.

<u>See</u> www.wcb.ny.gov/content/main/onthejob/hearings_OTJ.jsp (Last visited on February 15, 2017).

For relief, Plaintiff seeks "injunctive relief commanding defendant to reverse and/or nullify the Decision of the Board and have my case removed to another Court" as well as any declaratory and further "relief as this Court deems appropriate and just" including the "costs of litigation." (Compl. at 5.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient

4

facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Immunity

 A. Eleventh Amendment Immunity

  Plaintiff names Judge Chanis, and three Members of the Workers' Compensation Board, Lobban, Barberis, and Paprocki, as Defendants. Plaintiff seeks to sue these Defendants in their official and individual capacities. Insofar as Plaintiff seeks to recover a monetary award against these Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465

5

U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006) (citing <u>Alden v. Maine</u>, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Workers' Compensation Board, and its employees sued in their official capacities, are immune from a Section 1983 suit seeking damages under the Eleventh Amendment. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); <u>Maldonado v. N.Y. State Workers Comp. Bd.</u>, 05-CV-211A, 2005 WL 1523586, at *1 (W.D.N.Y. June 27, 2005); <u>see</u> <u>also</u> <u>Marmot v. Bd. of Regents</u>, 367 F. App'x 191, 192 (2d Cir. 2010) (affirming dismissal of Section 1983 action against New York state agency and stating that "[i]t is well-established that New York has not consented to § 1983 suits in federal court").

Plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. <u>Graham</u>, 473 U.S. at 165-167, and n.14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); <u>Darcy v. Lippman</u>, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, Plaintiff's claims against

6

these Defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 268, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997), and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii)-(iii).[4]

    B.  <u>Absolute Quasi-Judicial Immunity</u>

Plaintiff's Section 1983 claims, including her claims seeking prospective injunctive relief from the Defendants in their official capacities (which are not barred by the Eleventh Amendment) are barred by absolute quasi-judicial immunity. It is well-established that judges have absolute judicial immunity from suit for their judicial actions. <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." <u>Mireles</u>, 502 U.S. at 11, 13, 112 S. Ct. at 288 (1991) (internal quotation marks and citations

---

[4] The Court notes that Plaintiff's Section 1983 claims against Defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998); <u>see</u> <u>also</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

7

omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11–12, 112 S. Ct. at 288.

"This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is functionally comparable to that of a judge." Butz v. Economou, 438 U.S. 478, 513, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) (internal quotation marks and citation omitted); see also Durant v. N.Y. City Housing Auth., 12-CV-0937, 2012 WL 928343, *2 (E.D.N.Y. Mar. 9, 2012) ("This absolute judicial immunity has been further applied to non-federal administrative hearing officers."); Person v. White, 09-CV-3920, 2010 WL 2723210, *5 at n.4 (E.D.N.Y. July 2, 2010) ("Plaintiff's claims stemming from the workers' compensation proceedings also fail on other grounds. As a Workers' Compensation Law Judge, Judge Lerner enjoys quasi-judicial immunity.") (citing Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999); Gyadu v. Workers' Comp. Comm'r, 930 F. Supp. 738 (D. Conn. 1996) (state workers' compensation commissioner entitled to absolute immunity), aff'd, *390 129 F.3d 113 (2d Cir. 1997).

Here, Plaintiff complains of conduct allegedly performed by Defendants in their roles as arbiters of Plaintiff's workers' compensation claim and there is nothing in the Complaint from which

the Court could reasonably construe that any alleged misconduct occurred outside of that capacity or that any of the Defendants lacked jurisdiction over the proceedings. Thus, as is readily apparent, Defendants are entitled to absolute quasi-judicial immunity. Plaintiff may appeal the underlying workers' compensation proceedings in state court, but she may not subject Defendants to personal liability in this Court under Section 1983. Accordingly, Plaintiff's Section 1983 claims are not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend these claims is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the Plaintiff at her last known address and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __26__, 2017
       Central Islip, New York